b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMY RAY LITTLETON, Plaintiff | CIVIL DOCKET NO. 1:21-CV-03632 |
| VERSUS | DISTRICT JUDGE JOSEPH |
| DRESSER, L.L.C., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Defendant Derek Descant ("Descant") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 6).  Plaintiffs Jimmy Ray Littleton ("Littleton"), and Dennis McNeal, Franny McNeal, and their minor child, C.M. ("the McNeals"), filed a Motion to Remand.  ECF No. 10.  Because this Court lacks subject matter jurisdiction, Plaintiffs' Motion to Remand (ECF No. 10) should be GRANTED and Descant's Motion to Dismiss (ECF No. 6) should be MOOTED.

I.  Background

Littleton and the McNeals filed this action against Dresser, L.L.C. and Baker Hughes Holdings, L.L.C. (collectively "Dresser"), the Louisiana Department of Environmental Quality ("LDEQ"), and Descant in the Louisiana Ninth Judicial District Court in Rapides Parish.  ECF No. 1-2, 1-2.  Plaintiffs allege property damages and personal injuries resulting from the discharge of trichloroethylene ("TCE"), tetrachloroethene ("PCE"), and other contaminants from the Dresser Flow and Process Technology Facility in Pineville, Louisiana.  As a result, the aquifer became contaminated and extended the contamination plume beyond the Dresser

Facility property boundaries. ECF No. 1-3. Plaintiffs contend the personal injuries include cancer and liver failure.[1] ECF No. 1-3.

The Dresser defendants removed alleging diversity and contending that Descant and LDEQ are improperly joined. ECF No. 1. Defendant Descant then filed a Motion to Dismiss (ECF Nos. 6, 15), alleging failure to state a claim under which relief may be granted.

Plaintiffs oppose Descant's Motion to Dismiss (ECF No. 13) and filed a Motion to Remand (ECF No. 10). Dresser concedes the Motion to Remand should be granted. ECF No. 19 at 2. Descant did not file a brief in opposition to the Motion to Remand.

## II. Law and Analysis

### A. Plaintiffs' Allegations

Plaintiffs assert claims against the Dresser Defendants for: negligence pursuant to La. C.C. art. 2315; strict liability pursuant to La. C.C. art. 2317, art. 2317.1; strict liability pursuant to La. C.C. art. 2322; and creating a private nuisance interfering with Plaintiffs' use and enjoyment of their property pursuant to tort law. ECF No. 1-3. Plaintiffs contend the Dresser Defendants concealed the contamination and failed to warn the public. ECF No. 1-3.

---

[1] This case is one of 16 related (but not consolidated) cases. The LDEQ was sued in 10 cases, but has not been served in two of them. The LDEQ has been dismissed from five cases (one of which has a pending appeal) and has a motion to dismiss pending in three cases. Descant was sued in four cases, has been dismissed from three cases (one of which has a pending appeal), and has a pending motion to dismiss in one case.

From 1998, Descant was the Environmental, Health, and Safety Manager of the Dresser Facility, and oversaw the generation, handling, use, storage, discharge, and disposal of hazardous wastes at the Dresser Facility, and eventually controlled all groundwater remediation projects for the company. ECF No. 1-3. Descant was charged with remediating the contamination that is the subject of this lawsuit. ECF No. 1-3. Plaintiffs allege claims against Descant for negligence including: causing the contamination emanating from the Dresser Facility; failing to properly inspect and monitor the contamination; failing to properly train facility personnel; failing to take appropriate action to avoid or mitigate the escape of TCE and other contaminants; failing to ensure the proper storage, use, handling, and disposal for hazardous wastes, including TCE and PCE, at the Dresser Facility; failing to react to danger signs; failing to design a proper remediation plan; failing to timely notify the Plaintiffs and the public of the contamination; and failing to remediate the contaminants. ECF No. 1-3.

Plaintiffs allege negligence claims against the LDEQ for failing to issue a notice to the Plaintiffs of the significant risk of adverse health effects from TCE, as required by L.A.C. 33:I.109, when the LDEQ knew, or should have known by 2014, that the TCE from the Dresser Facility had off-site impact. ECF No. 1-3. Plaintiffs also contend that, under La. R.S. 30:2012, the LDEQ had a duty to ensure the Dresser Defendants properly disposed of hazardous waste, including TCE, at the Dresser Facility. ECF No. 1-3.

3

### B.     Plaintiffs' unopposed Motion to Remand should be granted.

#### 1.     The Arguments

Plaintiffs argue the Court lacks diversity jurisdiction. Plaintiffs contend that three of the plaintiffs–Dennis McNeal, Franey McNeal, and their minor child C.M.– and Defendant Dresser are residents of Ohio. Although the McNeals were added as Plaintiffs in the Amended Complaint on October 5, 2021 (ECF No. 1-3), they were party-plaintiffs at the time of removal on October 14, 2021 (ECF No. 1). Plaintiffs contend that, because both the McNeals and Dresser are citizens of Ohio, diversity is lacking.

The Dresser defendants contend in their Notice of Removal that the McNeals are improperly or fraudulently misjoined, citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). ECF No. 1 at 1, ¶ 2; at 3, ¶10.

However, Plaintiffs point out that both the original and amending state court petitions state that Dresser was a citizen of Texas and Delaware. ECF No. 1-2 at 3, ¶ 7; 1-3 at 4, ¶ 8). Plaintiffs claim they were unaware of Dresser's Ohio citizenship until the case was removed (ECF No. 1 at 5, ¶ 11). Plaintiffs further argue that, as Grant Parish property owners who have been impacted by the contamination plume, they have causes of action against Dresser. Littleton claims the contamination caused his cancer, and the McNeals claim the contamination damaged their minor child's liver. They both claim property damage. Thus, there is a community of interest between Littleton and the McNeals.

## 2. Federal subject matter jurisdiction and joinder

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. *See Coury*, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *See Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Thus, Defendants have the burden of proving this Court has diversity jurisdiction.

The general-diversity statute permits federal district court jurisdiction over suits for more than $75,000 between citizens of different states. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stangel v. A-1 Freeman North America, Inc.*, 64 Fed. Appx. 416, *1 (5th Cir. 2003). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Dir. 1998).

Remand is proper if at any time the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. *See Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Ordinary diversity jurisdiction requires complete diversity—all of the plaintiffs must be citizens of different states than all of the defendants. *See Williams v. Homeland Insurance Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021) (*citing Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)). If a non-diverse defendant is improperly joined, however, a district court can disregard the citizenship of that defendant for the purposes of evaluating its jurisdiction. *Id.*

At the time of removal, there were two potential types of misjoinder: procedural (or fraudulent) misjoinder and improper joinder. *See Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021). Procedural (fraudulent) misjoinder is the joining of two or more defendants or plaintiffs or claims in a lawsuit where there is no common transaction, occurrence, or series of transactions or occurrences, and no question of law or fact common to all of them that will arise in the lawsuit which was removed. *See Ticer*, 20 F.4th at 1045 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)). The United States Fifth Circuit Court of Appeals has since declined to adopt the *Tapscott* procedural, or fraudulent, misjoinder theory. *See Williams v. Homeland Insurance co. of New York,* 18 F.4th 806, 814-15 (5th Cir. 2021).

A non-diverse defendant is *improperly joined* such that its citizenship can be ignored for purposes of evaluating diversity jurisdiction if the removing party shows either that: (1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse

6

defendant in state court. *See Williams*, 18 F. 4th at 812 (*citing Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Ticer*, 20 F.4th at 1045. It is the removing party's burden to establish improper joinder. *See Williams*, 18 F. 4th at 812 (*citing Smallwood*, 385 F.3d at 574).

### 3. Dresser concedes remand is appropriate.

Dresser does not allege improper joinder. Dresser does not allege there was actual fraud in the pleading of jurisdictional facts, and does not contend the McNeals lack a viable state law cause of action against it.

Instead, Dresser contended in its Notice of Removal that the McNeals were misjoined under the "fraudulent misjoinder" theory propounded in *Tapscott*, 77 F.3d at 1360.

Subsequent to removal of this case, the Fifth Circuit Court of Appeals, in *Williams*, expressly refused to adopt the *Tapscott* procedural, or fraudulent, misjoinder theory because: (1) 28 U.S.C. § 1441(b) does not provide a textual basis for expanding federal jurisdiction to include fraudulent misjoinder, nor is there any statutory authority that does so; (2) fraudulent misjoinder is foreclosed by precedent, and the Fifth Circuit has never held that a defendant can remove a case based on party joinder issues in state court; (3) a federal district court's jurisdiction is examined at the time of removal, so a federal court severance cannot create jurisdiction that otherwise would not exist; (4) federal courts are courts of limited jurisdiction, and adopting the fraudulent misjoinder doctrine would dramatically

7

expand federal jurisdiction; (5) examination of joinder under Fed. R. Civ. P. 20 (permissive joinder of parties) applies after a federal court has jurisdiction, 28 U.S.C. § 81(c)(1),[2] and it cannot be used to establish jurisdiction, 28 U.S.C. § 82;[3] and (6) holding that misjoinder issues should be addressed in state court prior to removal brings greater clarity to the line between removable and non-removable cases.  *See Williams*, 18 F.4th at 815-16; *see also Ticer,* 20 F.4th at 1045 n. 11.

Dresser concedes in its brief that, because the Fifth Circuit Court of Appeals has expressly rejected the *Tapscott* improper misjoinder theory, "[t]he effect of *Williams* requires remand of this action to state court, where the McNeal Plaintiffs's improper joinder with Plaintiff Littleton will be decided."  ECF No. 19 at 2-3.  Therefore, the Dresser defendants do not oppose Plaintiffs' Motion to Remand. ECF No. 19 at 3.

Accordingly, Plaintiffs' unopposed Motion to Remand (ECF No. 10) should be GRANTED for lack of diversity jurisdiction.  Descant's Motion to Dismiss (ECF No. 6) should be MOOTED.

---

[2] Fed. R. Civ. P. 81(c) Removed actions.–(1) Applicability.  These rules apply to a civil action after it is removed from a state court.

[3] Fed. R. Civ. P. 82 Jurisdiction and Venue Unaffected.  These rules do not extend or limit the jurisdiction of the district courts or the venue of action in those courts.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiffs' Motion to Remand (ECF No. 10) be GRANTED and this case be remanded to the Louisiana Ninth Judicial District Court in Rapides Parish.

IT IS ALSO RECOMMENDED that Descant's Motion to Dismiss (ECF No. 6) be MOOTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this __30th__ day of August, 2022.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge